Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2466 | **DATE** | 4/17/13 |
| **CASE TITLE** | Brian L. Countryman (M25858) vs. City of Aurora, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at the Plaintiff's place of incarceration to deduct $1.78 from the Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Danvillle Correctional Center. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of Defendants against Plaintiff. Any other pending motions are denied as moot. Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Pro se Plaintiff Brian L. Countryman, a Danville Correctional Center inmate, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3], and complaint pursuant to 28 U.S.C. § 1915A. [1].

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.78. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Turning to the initial review of the complaint, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from Plaintiff's complaint, are accepted as true and all reasonable inferences are made in the light most favorable to him. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per

| STATEMENT |
|---|

curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

Plaintiff alleges that DuPage County, Aurora, and Naperville, Illinois, and their associated prosecutors and police officers have been harassing him since 1990. The complaint mentions three incidents. In 1990, Aurora police officers used excessive force at Plaintiff's home. In 1997, Aurora police came to his home (a different home from the one in 1990), and banged on the windows and doors for several hours. Finally, in 2009, the Aurora police department allegedly falsely contacted the United States Secret Service and accused Plaintiff of threatening President Barack Obama. The Secret Service quickly determined that the allegations against Plaintiff were groundless.

The complaint must be dismissed because it is untimely under the statute of limitations. Plaintiff's claims are governed by a two-year statute of limitations and they accrued when the incidents occurred. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). The last incident mentioned in the complaint occurred in 2009. Plaintiff did not bring the present suit until 2013. The case is untimely.

The Court may properly recognize the statute of limitations defense because its elements are clear from the face of the complaint so as to make this suit frivolous. *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). The frivolous finding requires the accrual of strike under 28 U.S.C. § 1915(g). *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). Should Plaintiff choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

*[signature]*